IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDWIN F. ALVANEZ                     :

    v.                               :   Civil Action No. DKC 11-2892
                                         Criminal Case No. DKC 07-0326
UNITED STATES OF AMERICA             :

**MEMORANDUM OPINION**

By a judgment entered December 15, 2008, Petitioner Edwin F. Alvanez was convicted, upon his guilty plea, of possession of an unregistered short-barreled shotgun, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871, and possession of firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1).  He was sentenced to a total term of imprisonment of 180 months, to be followed by a three-year term of post-release supervision.  Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed on October 19, 2009.  *See United States v. Alvanez*, 368 Fed.Appx. 333 (4th Cir. 2009).  He did not seek further review by the Supreme Court.[1]

---

[1] Petitioner's § 2255 motion reflects that he filed a petition for writ of *certiorari*, which was denied on October 4, 2010.  (ECF No. 119, at 2).  Court records do not confirm that a petition was filed with respect to his conviction.  Rather, Petitioner later filed an appeal from the denial of a motion for retention of a handwriting specialist at government expense.  After that decision was affirmed, *see United States v. Alvanez*, 375 Fed.Appx. 336 (4th Cir. 2010), he filed petition for a writ of *certiorari*, which was denied on October 4, 2010.

On or about October 4, 2011, Petitioner filed the pending motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 119).[2]  In response, the government filed a motion to dismiss the petition as untimely.  (ECF No. 123).  Petitioner opposed dismissal (ECF Nos. 124, 125); the government replied (ECF No. 128); and Petitioner filed multiple surreplies (ECF Nos. 129, 130).

Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides for a one-year statute of limitations from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have

---

[2] While the petition was not received by the clerk's office until October 7, it is dated October 4.  For the purpose of assessing timeliness of a § 2255 motion, the court deems it filed on the date it was delivered to prison officials for mailing.  *See United States v. Dorsey*, 988 F.Supp. 917, 919-20 (D.Md. 1998).  Thus, the court accepts October 4 as the operative date.

>been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's motion challenges that his plea was not knowing and voluntary based on allegedly erroneous advice provided by his trial counsel.[3] Thus, it appears that § 2255(f)(2-4) could have no application and that the statute of limitations for the motion commenced when the ninety-day period for filing a petition for writ of *certiorari* in the Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Morris*, 429 F.3d 65, 70 (4th Cir. 2005). Because the Fourth Circuit issued its decision on October 19, 2009, Petitioner's judgment became final on or about January 19, 2010, but he did not file his motion until October 4, 2011 – approximately seven and one-half months after the statute of limitations expired.

---

[3] Specifically, he contends that his counsel "grossly misinformed him of the law in relations to the legal impact of the U.S. Attorney's Office proposed plea agreement . . . [t]hat would have a definite, immediate and largely automatic effect on the range of his punishment under the U.S.S.G." (ECF No. 119-1, at 3). He cites the court's application of a four-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(6), which was not contemplated by the plea agreement. The Fourth Circuit addressed a similar issue on direct appeal, finding that the application of the enhancement did not violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because Petitioner "admitted the facts on which the district court relied in applying [it]" and was "fully aware" that "the district court was not bound by the plea agreement in rendering its sentence." *Alvanez*, 368 Fed.Appx. at 334.

A § 2255 petitioner may be entitled to equitable tolling upon showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, ---U.S. ----, 130 S.Ct. 2549, 2562 (2010); *see also United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000) (equitable tolling should be "sparingly granted").  "An inmate asserting equitable tolling 'bears a strong burden to show specific facts' that demonstrate he fulfills both elements of this test."  *Smith v. Virginia*, Civ. No. 3:12CV148, 2013 WL 871519, at *3 (E.D.Va. Mar. 8, 2013) (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (internal marks removed)).

Petitioner argues that the equitable tolling doctrine should apply because (1) he erroneously believed he had one year from the date his petition for a writ of *certiorari* was denied in the second appeal to file his § 2255 petition; (2) his appellate counsel "abandoned" him after the initial appeal was affirmed; and (3) delay in receiving his attorney's case file. "Unfamiliarity with the legal process and lack of representation, however, do not constitute grounds for equitable tolling."  *Diver v. Jackson*, No. 1:11CV225, 2013 WL 784448, at *3 (M.D.N.C. Mar. 1, 2013) (citing *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (finding an unrepresented petitioner's "misconception about the operation of the statute

4

of limitations is neither extraordinary nor a circumstance external to his control"). Nor does delay in obtaining his attorney's case file present an "extraordinary circumstance" warranting equitable tolling. Petitioner's primary complaint – *i.e.*, the application of a sentencing enhancement – was known to him at the time he filed his appeal, and it is not at all clear how a delay in obtaining his trial counsel's case file impeded the filing of his petition. Moreover, the record reflects that he did not file his petition until approximately eleven months after the case file was received. *See Carter v. Commonwealth of Va.*, Civ. No. 3:09CV121-HEH, 2010 WL 331758, at *3 (E.D.Va. Jan. 26, 2010) (finding *habeas* petitioner was "not entitled to equitable tolling . . . because of any delay by trial counsel in providing him with the case file").

In sum, Petitioner has not presented extraordinary circumstances justifying application of the equitable tolling doctrine, and his § 2255 petition is time-barred. Accordingly, the government's motion to dismiss will be granted.

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §§ 2254 or 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th

Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petition is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quotation marks omitted). Petitioner's § 2255 motion does not satisfy the above standard. Accordingly, the court declines to issue a certificate of appealability.

A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge