IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA        :

    v.                              :     Criminal No. DKC 07-0326-002

EDWIN F. ALVANEZ                :

**MEMORANDUM OPINION AND ORDER**

    Pending before the court is a motion for relief under Fed. R. Civ. P. 60(b)(6) filed by Defendant, Edwin F. Alvanez. (ECF No. 188). Mr. Alvanez requests the court "re-open his habeas proceeding in order to secure his right to due process." He specifically argues that the delay in receiving his attorney's case file is an "extraordinary circumstance warranting equitable tolling" with regard to his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, the motion will be denied.

    By a judgment entered December 15, 2008, Defendant was convicted, upon his guilty plea, of possession of an unregistered short-barreled shotgun and possession of firearm after a felony conviction. He was sentenced to a total term of imprisonment of 180 months, to be followed by a three-year term of post-release supervision. He appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed on

October 19, 2009. *See United States v. Alvanez*, 368 Fed.Appx. 333 (4th Cir. 2009). He did not seek further review by the Supreme Court.[1]

On October 4, 2011, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 119). His motion challenged whether his plea was knowing and voluntary based on allegedly erroneous advice provided by his trial counsel and cited the court's application of a four-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(6). His motion further argued that the equitable tolling doctrine should apply because (1) he erroneously believed he had one year from the date his petition for a writ of *certiorari* was denied in the second appeal to file his § 2255 petition; (2) his appellate counsel "abandoned" him after the initial appeal was affirmed; and (3) delay in receiving his attorney's case file. Mr. Alvanez's motion was denied because "unfamiliarity with the legal process and lack of representation do not constitute grounds for equitable tolling." *Diver v.*

---

[1] Petitioner's § 2255 motion reflects that he filed a petition for writ of *certiorari*, which was denied on October 4, 2010. (ECF No. 119, at 2). Court records do not confirm that a petition was filed with respect to his conviction. Rather, Petitioner later filed an appeal from the denial of a motion for retention of a handwriting specialist at government expense. After that decision was affirmed, *see United States v. Alvanez*, 375 Fed.Appx. 336 (4th Cir. 2010), he filed petition for a writ of *certiorari*, which was denied on October 4, 2010.

*Jackson*, No. 1:11CV225, 2013 WL 784448, at *3 (M.D.N.C. Mar. 1, 2013) (citing *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (finding an unrepresented petitioner's "misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control"). The court also found that there was no evidence that any delay in obtaining his attorney's case file presented an "extraordinary circumstance" warranting equitable tolling because the record reflects that he did not file his petition until approximately eleven months after the case file was received from his attorney.

Fed.R.Civ. 60(b) states that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" on any of the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason

3

that justifies relief. Motions for reconsideration are "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Mr. Alvanez's pending motion for relief under Fed. R. Civ. P. 60(b)(6) does not meet any of the grounds for reconsideration set forth in Rule 60(b).

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §§ 2254 or 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petition is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quotation marks omitted). Mr. Alvanez's motion does

4

not satisfy the above standard.  The court will decline to issue a certificate of appealability.  The denial of a certificate of appealability does not preclude Mr. Alvanez from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission.

Accordingly, it is this 12th day of January, 2015, by the United States District Court for the District of Maryland hereby ORDERED that:

1. The motion for relief under Fed. R. Civ. P. 60(b)(6) filed by Defendant, Edwin F. Alvanez (ECF No. 188) BE and the same hereby IS, DENIED;

2. The court DECLINES to issue a certificate of appealability; and

3. The clerk will transmit copies of this Memorandum Opinion and Order to government counsel and directly to Mr. Alvanez.

                                            /s/
                                   DEBORAH K. CHASANOW
                                   United States District Judge